## WORCESTER ELECTRIC LIGHT CO. v. ATTWILL et al.

District Court, D. Massachusetts. August 16, 1927.

No. 2840.

**Electricity ⟐11—Electric company is entitled to fair return on present value of property, and enforcement of rates not based thereon will be enjoined.**

Electric light company is entitled to fair return on the present value of its property used by the company, and, in determining present value, consideration must be given to prices and wages prevailing at time of investigation, with an honest and intelligent forecast as to probable price and wage levels during a reasonable period in the immediate future, in the light of all the circumstances, and enforcement of rates fixed by state commission not based on such value will be enjoined.

In Equity. Suit by the Worcester Electric Light Company against Henry C. Attwill and others, constituting the Department of Public Utilities of the Commonwealth of Massachusetts. Temporary injunction issued as prayed for.

Storey, Thorndike, Palmer & Dodge and Robert G. Dodge, all of Boston, Mass., and George T. Dewey, of Worcester, Mass., for plaintiff.

Charles F. Lovejoy, Asst. Atty. Gen., for defendants.

Before BINGHAM and JOHNSON, Circuit Judges, and LOWELL, District Judge.

LOWELL, District Judge. Bill of complaint brought before three judges under Act of February 13, 1925, c. 229, § 1, 43 Stat. 938 (U. S. Comp. St. 1925 Supp. § 1243; 28 USCA § 380), asking for an order restraining the Department of Public Utilities of the commonwealth of Massachusetts and its members from enforcing a reduction in the rates charged for electricity. The commission is made up of five members. In the Worcester Electric Light Rate Case, where the commission published its decision, there are four

opinions—one by the chairman, concurred in by one of the other commissioners, and three separate opinions by the other three commissioners. The following extracts from the various opinions show the basis on which the department arrived at the rate which it fixed.

Mr. Attwill's opinion, in which Mr. Goldberg concurred, has the following sentence:

"We are of opinion that in this commonwealth a rate based on reproduction value less observed depreciation is not only unsound legally and historically but also economically."

Mr. Stone writes as follows:

"I concur with so much of the views expressed by Chairman Attwill and Commissioner Goldberg as are applicable to our Massachusetts rule relating to the fixation of rates, and with their view as to the maximum rate.

"I desire, however, to point out some of the reasons why I believe our so-called Massachusetts rule should be controlling with our local gas and electric light companies. * * *"

Mr. Hardy says:

"I concur in the opinion of the commission in so far as it relates to a return upon capital honestly and prudently invested and devoted to the public service, known as the Massachusetts doctrine, and it is unnecessary to repeat the statement here. I do not now subscribe to so much of the opinion as enters into a discussion of a return upon the reproduction or present day cost less observed depreciation theory, because of my feeling that at the present time we should proceed as we have proceeded for years, that the Massachusetts laws applicable to the issue here should be adhered to and the case decided accordingly."

Mr. Wells says:

"I agree with Commissioner Hardy on 4½ cents as the maximum rate. As pointed out, this applies to only a small part of the electricity sold, and no hardship could result to the company, even though it might not fulfill elusive requirements based on cumbersome theoretical opinions of experts, which seem to be necessary as a result of recent United States Supreme Court decisions. These decisions either go too far or not far enough, and this case would seem to offer a good test to determine whether regulation by semijudicial boards, under delegation from the state Legislature, is due process of law, or whether such regulation is to be rendered null and void and machinery is to be set up in Washington to review all facts connected therewith."

The rule adopted in such cases by the Supreme Court of the United States is that there should be a fair return on the present value of the property used by the company (S. W. Tel. Co. v. Pub. Serv. Comm., 262 U. S. 276, 43 S. Ct. 544, 67 L. Ed. 981, 31 A. L. R. 807; Bluefield Co. v. Pub. Serv. Comm., 262 U. S. 679, 43 S. Ct. 675, 67 L. Ed. 1176, and cases cited), and that, "in determining present value, consideration must be given to prices and wages prevailing at the time of the investigation; and, in the light of all the circumstances, there must be an honest and intelligent forecast as to probable price and wage levels during a reasonable period in the immediate future" (McCardle v. Indianapolis Co., 272 U. S. 400, 408, 47 S. Ct. 144, 147 [71 L. Ed. 316]).

It is apparent from the foregoing quotations that this way of computing the value of property on which return is to be allowed was not followed. The decision of the department is contrary to the decisions of the Supreme Court of the United States.

Temporary injunction to issue as prayed for.